UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN 22 P 12: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ALBERT HENRY CORLISS,<br>          Plaintiff<br><br>v.<br><br>LEVESQUE AUTO SERVICES, INC.,<br>FALL RIVER POLICE DEPARTMENT, and<br>DOES 1-10,<br>          Defendants | C.A. # 04-10834-DPW |

### MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION OF THE DEFENDANT,
### THE FALL RIVER POLICE DEPARTMENT,
### TO DISMISS

#### Introduction

The plaintiff, Albert Henry Corliss, has filed a complaint seeking recovery for conversion of his motor vehicle. Specifically, Mr. Corliss alleges the defendants illegally towed his automobile. He seeks the value of the vehicle which, he alleges, is approximately $ 1500.00.

The defendant, the Police Department of the City of Fall River, Massachusetts, has filed a motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Mass.R.Civ.P. 12(b)(1).

#### Argument

"It is the plaintiff's burden to prove the existence of subject matter jurisdiction." Aversa v. U.S., 99 F.3d 1200, 1209 (1st Cir. 1996). Mr. Corliss cannot carry that burden here.

Mr. Corliss alleges that he is an Indian and that the defendants wrongfully towed his automobile from an Indian Reservation. He concludes that these facts provide a basis for federal jurisdiction: "The United States District Court of Massachusetts has jurisdiction over all local Indian matters." Complaint, Part I, Introduction. This is incorrect. "Although the federal government has long had a special relation to the American Indian, there is no jurisdiction in the federal courts to hear a case because an Indian or an Indian tribe is a party to it." Wright & Miller, Fed. Prac. & Proc., sec. 3579 (footnote omitted.) Weiner v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F.Supp2d. 346 (D.Mass. 2002) (No federal jurisdiction of zoning enforcement action against Indian tribe.)

Federal courts do have jurisdiction of "civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. s. 1362. That statute does not apply here, however, because Mr. Corliss is an individual, not a federally recognized Indian tribe. In addition, he is suing for the alleged conversion of his motor vehicle. He has not alleged a claim arising under federal law.

Mr. Corliss could, of course, bring a claim in federal court, regardless of whether he is an Indian, if the claim arose under federal law. 28 U.S.C.A. s. 1331. To satisfy the "arising under" requirement it must be "apparent from the face of the plaintiff's complaint either that a cause of action arise under federal law ... or at least (in some cases) that a traditional state-law cause of action (*e.g.*, a tort or contract claim) present an important federal issue." Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d. 317, 321

(1st Cir. 2001). However, the exception for state-law claims involving federal questions is limited. "The contours of this principle, which has come to be known as the *Smith* doctrine, are undefined. Generally speaking, the doctrine covers only those cases where 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claims is "really" one of federal law.'" Wiener v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F.Supp.2d 346, 352 (D.Mass. 2002) quoting Franchise Tax Board of the State of Cal. v. Laborers Vacation Trust for S. Cal., 463 U.S. 1,13 (1983).

Mr. Corliss' complaint pleads only the tort of conversion. This is a state-based claim that does not involve any federal issue. The allegation that the plaintiff's automobile was towed from an Indian reservation does not create any issue of federal law. Mr. Corliss' claim does not depend on the status of the land from which the vehicle was towed. Even assuming that the ownership of the land is somehow relevant, no federal issues are involved. The complaint alleges that the land is an Indian reservation, not because of some federal law, but because of the language in a deed to the Province of Massachusetts Bay in 1709. The ownership of the land, even if relevant to the claim, raises only state law issues.

Finally, Mr. Corliss' complaint indicates he is a resident of Massachusetts. Complaint, Exhibit F. Thus, there is no diversity of citizenship which would serve as a basis for federal jurisdiction. 28 U.S.C.A. s. 1332. In addition, that statute would not apply since the amount in controversy is "approximately Fifteen Hundred Dollars ($ 1,500)." Complaint, p. 3.

Mr. Corliss seeks recovery only for the alleged conversion of his motor vehicle.

3

"A federal district court has no jurisdiction over an action in tort between individual residents of the same state which involves no constitutional or federal question." <u>Martin</u> v. <u>Wyzanski</u>, 262 F.Supp. 925, 928 (D.Mass. 1967). The complaint should therefore be dismissed. Fed.R.Civ.P. 12(b)(1).

### Conclusion

This is an action solely for the tort of conversion. The plaintiff has not alleged a claim involving any federal issue. The allegations that the plaintiff is an Indian and that his motor vehicle was towed from an Indian reservation do not raise any federal issue or otherwise create federal jurisdiction. The complaint should therefore be dismissed under Fed.R.Civ.P. 12(b)(1).

> The defendant,
> City of Fall River Police Department
> By its attorney,
>
> _____
> Thomas F. McGuire, Jr.
> B.B.O. # 335170
> Corporation Counsel
> Law Department
> One Government Center
> Fall River, MA  02722
> Tel. (508) 324-2650
> Fax (508) 324-2655

## CERTIFICATE OF SERVICE

I hereby certify that I have served the attached document on all parties by mailing copies thereof to:

> Albert Henry Corliss
> 1514 Beacon Street, Suite 43
> Brookline, MA 02446
>
> Levesque's Auto Service, Inc.
> 771 Rodman Street
> Fall River, MA 02721

Signed under the penalties of perjury this 21st day of June, 2004

_____
Thomas F. McGuire, Jr.