UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL -1  P 3: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

ALBERT HENRY CORLISS,
   Plaintiff,

v.                                         C.A. # 04-10834-DPW

LEVESQUE AUTO SERVICES, INC.,
FALL RIVER POLICE DEPARTMENT,
and DOES 1-10,
   Defendants

---

MOTION OF THE PLAINTIFF,
ALBERT HENRY CORLISS,
IN OPPOSITION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, the plaintiff, Albert Henry Corliss, who moves in opposition to defendant's Motion to Dismiss because the case deals with multiple important federal issues which should be properly decided by this court. 28 U.S.C.A. s.1331.

As grounds for his motion, the plaintiff has alleged that the defendant, Levesque Auto Services, Inc., ("Levesque Towing") engaged in a "nonconsensual" tow/ conversion of plaintiff's vehicle from an acknowledged Indian Reservation ("Watuppa") upon which plaintiff's tribe was currently holding active Council. (Indian government for Watuppa.)

Defendant, Levesque Towing, holds itself out to be "A RoadOne Company". (See: Complaint Addendum - Exhibit E - Notices to Owner) "RoadOne" according to their website (www.chattanoogahasjobs.com) "Is the world's leading integrated provider of vehicle and recovery equipment and services. The company markets its towing

services under the National brand name of RoadOne and its towing equipment under a number of well-recognized brands. RoadOne markets its services to large fleets and local entities. With over 100 locations from Coast to Coast we are the nation's tower." This puts Levesque Towing's actions under the Interstate Commerce Act ("ICA") which except for a few "narrow" exceptions, including one for "nonconsensual" towing 49 U.S.C. s.14501(c) generally preempts all towing activities.

The authorization from the defendants, Fall River Police Department ("Police"), (See: Complaint Addendum - Exhibit G - Auto Removal Form) brings up another topical federal issue, that of "patrol" or "roam" towing. Normally, under these practices towing companies sign blanket authorizations with property owners to patrol apartment complexes, for example, to impound vehicles. Here, we have the Police doing the "patrolling" but the result is the same. The Police authorizing a nonconsensual tow this time from land, they knew or should have known, was an Indian Reservation, (From "Complaint - Auto Removal Form"- supra) not because of an Auto Accident; Stolen; or Abandoned but we are left to guess what "Other" means. Perhaps a Mass. Department of Environment Management Regulation? This behavior has been held to be under federal preemption recently by a San Diego District Court. Currently under 9th Circuit Court of Appeals. West Coast Towing vs. City of? (Cites not available.) Of paramount concern is the ownership/control of the land. Watuppa was granted to the Indians in 1709.

And while it may be argued that the federal government and the states have long

had a "special relation" with the Indian and the Indian tribes the federal courts have vigorously attempted the keep the influence and control of the former off the lands of the latter. For example, in the area of taxation. Watuppa Reservation has never been taxed by the State of Massachusetts. If a state cannot tax Indian lands it is a federal issue if they can enforce jurisdiction on these same lands, i.e., tow without authorization.

Therefore, we have three federal issues presented by the trespassing tow and resulting conversion. (1) Levesque Towing's activities (interstate towing) bring it under ICA regulations; (2) Engaged in an act, "nonconsensual" towing, that has been "expressly" exempted by ICA regulations and (3) enforcing state/local polices? on lands where only the Indian/federal government has jurisdiction. 28 U.S.C.A. s. 1331.

Clearly there is basis for federal jurisdiction and the Motion to Dismiss should be denied.

The plaintiff,<br>
Pro se,<br>
_____<br>
Albert H. Corliss<br>
1514 Beacon Street, Suite 43<br>
Brookline, Massachusetts 02446<br>
(617) 731-1309

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT HENRY CORLISS,
Plaintiff,

v.                                                    C.A. # 04-10834-DPW

LEVESQUE AUTO SERVICES, INC.
FALL RIVER POLICE DEPARTMENT,
and DOES 1-10,
Defendants.

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

INTRODUCTION

The plaintiff, Albert Henry Corliss, has filed a complaint seeking recovery for conversion of his motor vehicle. Mr. Corliss alleges that defendants entered, without permission or cause, the Watuppa Indian Reservation where the Nemasket Troy Wampanoag Indian tribe was regularly (monthly) holding legal Council towed and kept said motor vehicle. Mr. Corliss is Council Chairman of the tribe. He seeks the value of vehicle or approximately Fifteen Hundred Dollars. ($1500.00)

The defendant, the Police Department of the City of Fall River, Massachusetts, ("Police") has filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The plaintiff has filed a motion in opposition claiming this court has jurisdiction because of numerous federal issues 28 U. S.C.A. s. 1331 and the federal court's traditional jurisdiction over local Indian matters, specifically, jurisdiction on

Indian reservation lands.

## ARGUMENT

"It is the independent obligation of the Court to assure itself it has jurisdiction in the first place." American Policyholders Ins. Co. v. Nycol Prods. Inc. 989 F. 2d 1256 and 1258 (1st. Cir. 1993), cert. denied, 510 U.S. 1040 (1994)

To satisfy 28 U.S. C.A. s. 1331 the plaintiff must show in his pleadings that the claim either "arose" under federal law or that in a traditional state-law cause of action it presents an important federal issue (s). Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d. 317, 321 (1st Cir. 2001) and granted, the exception for state-law claims involving federal questions is limited. "The contours of the principle, which has come to be known as the SMITH doctrine are undefined. Generally speaking, the doctrine covers only those cases where 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claims is "really" one of federal law.'" Wiener v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F. Supp. 2d 346, 352 (D.Mass. 2002) quoting Franchise Tax Board of the State of Cal. v. Laborers Trust for S. Cal., 463 U.S. 1,13 (1983)

Plaintiff's complaint pleads only the tort of conversion. However, to get there the following had to happen: The vehicle had to be towed and someone had to authorize the towing. Defendant, Levesque Auto Services, Inc. ("Levesque Towing") by its own

-2-

admission is "A RoadOne Company." (See: Complaint -Addendum - Exhibit E) RoadOne is owned by Miller Industries, Chattanooga, Tenn. and according to American Towman Magazine (Website: www.towman.com/2/bestofat27.html) around the time of our cause of action "RoadOne believed that we could develop a national call center, after which a team of sales people could bring in commercial accounts which would be distributed to our own companies then to our affiliate network." In other words they attempted to control towing nationwide. Defendant Levesque Towing isn't just engaged in interstate towing, according to their principal, RoadOne, "With over 100 locations Coast to Coast we are the nation's tower." (www.chattanoogahasjobs.com)

The question we must decide is if "non-consensual" towing performed by an interstate participant (Levesque Towing) is one of the areas that is preempted by federal law, i.e., the Interstate Commerce Act ("ICA"). And accordingly "A claim 'purportedly based on [ ] pre-empted state' is considered a federal claim where 'an area of state law has been completely pre-empted'". Wiener v. Wampanoag Aquinnah Shell fish Hatchery Corp., 223 F. Supp. 2d 346, 352 (D. Mass. 2002) (citing Caterpillar, 482 U.S. at 393 - citing Franchise Tax Board - supra)_ "Statutes and regulations established under historic police powers of the states are not superseded by federal law unless preemption is the clear manifest purpose of Congress. Lewis v. Brunswick Corp. 107 F. 3d 1494 (11Cir.), cert granted, ---U.S. --, 118 S.Ct. 439, 139 L.Ed.2d (1997) cert dismissed---U.S.---, 118S.Ct. 1793, 140 L.Ed. 2d (1998)

-3-

49 U.S.C.ss 14501 (c)(1) expressly preempts state and municipal ordinances that that regulate the prices, routes or services provided by towing companies. That Congress had intended to "completely" pre-empt the area is strengthened by Congress' addition of a limited exemption for nonconsensual towing (solely to pricing). Cf. United States v. Smith, 499 U.S. 160, 167. Also left open (not preempted) is the narrow exceptions for safety and insurance regulations. 49 U.S.C. ss 140501(c) (2) (A).

### Federal Issue of "Patrol" Towing

It is in this area of "nonconsensual" towing that our cause of action presents another important pending federal issue. That of "patrol or roaming" towing. A practice where the tower has blanket authority, from the owners of the property, to remove and impound vehicles. Many states have legislation against such practices. These are currently under attack. Recently in San Diego District Court (West Coast Towing., no cite) these local ordinances were found to conflict with ICA. In our case the authorization to the tower, Levesque Towing, came from the Fall River Police.

The Police do not, however, allege that they authorized the towing for any "safety" reason all we can gain from the Auto Removal Form.(See: Complaint - Addendum - Exhibit G). They towed according to some Reg? Regulation? Dem? With full knowledge that the Watuppa Reservation was under proper Indian control. All of which brings us to our third federal issue.

-4-

Issue of Jurisdiction of Watuppa Indian Reservation

As alleged in the Complaint Watuppa was granted to the Indians via deed in 1709. The City of Fall River authorities were made aware of the current Indian government on Watuppa not only by activity, clearing of the land, holding meetings and Pows-ows, etc. but by official request for access months before the towing incident. (See: Complaint - Addendum - Exhibit D - letter requesting better reservation access dated March 24, 2001). The federal courts are the only vehicle the Indian has to stop state encroachment of the sovereignty of their reservation lands. The Watuppa Reservation has never been taxed by the Commonwealth of Massachusetts. It has been continuously been occupied by Wampanoag Indians since its granting in 1907.

"The State of Arizona sought to impose an income tax on an Indian living on a reservation even though the source of income came from within the reservation. The federal court held , 'Arizona can exercise neither civil nor criminal jurisdiction over reservation Indians. The tax is restricted because the state is totally lacking in jurisdiction over both the people and the lands it seeks to tax - much like the land itself.'" McClanahan v. State Tax Commission of Arizona 411 U.S. 164, 93 S.Ct. 1257 (1973)

If a state cannot tax an Indian Reservation and has not for almost three hundred years it would appear the state/local authorities have no jurisdiction to tow from these same lands. Any attempt to control by taxing or towing would present a federal issue.

-5-

### In Conclusion

This is the proper court to hear this case. Plaintiff has presented either on the face of the complaint federal issues or issues "arise under" federal law including: 1) The towing itself by an interstate participant company invoking ICA regulations; 2) As does "patrol towing" an area of federal law presently under review; and 3) The federal court would be the proper court to decide jurisdictional encroachment of an Indian Reservation. The complaint should be heard.

By the plaintiff,
Pro Se,

_____
Albert H. Corliss, Esq.
1514 Beacon Street, Suite 43
Brookline, MA 02446
(617) 731-1309

## Certificate of Service

I hereby certify that I have served the attached document on all parties by mailing copie(s) there of to:

Levesque Auto Service, Inc. (A RoadOne Company)
653 Faunce Corner Rd.
Dartmouth, MA 02747

Thomas F. McGuire, Jr.
Corporation Counsel
Law Department
One Government Center
Fall River, MA 02722

Signed under penalties of perjury this 1st day of July, 2004.

_____
Albert H. Corliss