UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| ALBERT HENRY CORLISS,          ) | |
|     Plaintiff,          ) | |
|                   ) | CIVIL ACTION NO. |
|       v.          ) | 04-10834-DPW |
|                   ) | |
| LEVESQUE AUTO SERVICES, INC., ) | |
| FALL RIVER POLICE DEPARTMENT, ) | |
| and DOES 1-10,          ) | |
|     Defendants.          ) | |


MEMORANDUM AND ORDER
October 13, 2004


     Plaintiff Albert Henry Corliss, a member of an Indian tribe, brings this action against Levesque Auto Services, Inc. ("Levesque"), the Fall River Police Department ("FRPD"), and Does 1-10, seeking recovery under Mass. Gen. Laws ch. 266, § 120D for the tort of conversion.  His claim arises from what he alleges was the improper towing of his motor vehicle from the Watuppa Indian Reservation by Levesque with the authorization of the FRPD.  He seeks damages of $1,500.00, the value of his vehicle, and contends the federal courts have subject matter jurisdiction over this state law dispute.  Defendant FRPD has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Finding no subject matter jurisdiction, I will direct the clerk to dismiss this case in its

-1-

entirety.[1]

## I. BACKGROUND

### A.    Facts and Procedural History

The following facts are drawn from the plaintiff's complaint.  The plaintiff is a member and council chairman of an Indian tribe -- the Nemasket Troy Wampanoag tribe -- formed in the year 2000, which holds meetings and other activities on the Watuppa Indian Reservation (the "Reservation").  On April 20, 2001, he arranged for his car, which had broken down while he was traveling nearby, to be towed *to* the grounds of the Reservation. On or about May 5, 2001, the plaintiff's car was towed *from* the Reservation, allegedly because it had been abandoned there, by a tow-truck owned and operated by Levesque.  Levesque was authorized to perform towing services on the Reservation by the FRPD.

Nearly three years later, on April 27, 2004, the plaintiff commenced the present action against Levesque, the FRPD, and "Does 1-10" for the tort of conversion.  In his complaint, the plaintiff maintains that this court "has jurisdiction over all local Indian matters" and that the FRPD had no jurisdiction over the Reservation lands.  On June 22, 2004, the FRPD moved pursuant

---

[1]Despite the passage of over 120 days since the filing of the complaint, the plaintiff has failed to file a return of service as to defendant Levesque Auto Services, Inc.  See generally Fed. R. Civ. P. 4(m); D. Mass. Local Rule 4.1.  This constitutes grounds to dismiss the action without prejudice as to that defendant.  Because the matter is being dismissed in its entirety for lack of subject matter jurisdiction, I need not, however, reach this issue.

to Fed. R. Civ. P. 12(b)(1) that the complaint be dismissed for lack of subject matter jurisdiction due to the absence of federal question, diversity of citizenship, or any other grounds for federal court jurisdiction.

## II. DISCUSSION

### A.    Standard of Review Under 12(b)(1)

The federal courts have "limited jurisdiction"; they are empowered only to hear those cases that fall within Article III of the Constitution or an explicit grant of jurisdiction by Congress thereunder. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If challenged, federal jurisdiction is presumed to be lacking until established otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Once a defendant moves pursuant to Rule 12(b)(1) for an action to be dismissed for want of subject matter jurisdiction, the plaintiff shoulders the burden of proof in demonstrating the existence of such jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

When considering a motion to dismiss for lack of subject matter jurisdiction, the court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa, 99 F.3d at 1210. Furthermore, when considering the allegations of a pro se plaintiff, a less stringent standard is to be applied than for pleadings drafted by counsel. Haines v. Kerner, 404 U.S.

-3-

519, 520, (1972).  However, this relaxed standard neither
requires the court to "conjure up unpled allegations" in a <u>pro</u>
<u>se</u> complaint, <u>Haines</u>, 404 U.S. at 521, nor relieves the <u>pro se</u>
plaintiff of his obligation to prove a jurisdictional basis for
his lawsuit by mustering more than "unsupported conclusions or
interpretations of law."  <u>Washington Legal Found. v.</u>
<u>Massachusetts Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993).
Dismissal is called for when it appears "the court lacks
jurisdiction over the claims or the parties."  <u>Overton v.</u>
<u>Torruella et al.</u>, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)
(holding that <u>pro se</u> plaintiffs "must comply with applicable
procedural and substantive rules of law").

**B.    Federal Jurisdiction**

A fair and liberal reading of the complaint, as well as the
written opposition plaintiff has submitted to the defendant's
motion to dismiss,[2] suggests three possible grounds for federal
jurisdiction: (1) federal question jurisdiction pursuant to 28
U.S.C. § 1331; (2) diversity of citizenship jurisdiction pursuant
to 28 U.S.C. § 1332; and (3) special jurisdiction pursuant to 28
U.S.C. § 1362 for suits commenced by Indian tribes or bands and
making claims under federal law.  For the reasons detailed below,

---

[2]When deciding upon a defendant's motion to dismiss for lack
of subject matter jurisdiction, it is appropriate to consider the
pleadings filed by the plaintiff in opposition to the motion:
> Where the defendant has challenged the plaintiff's assertion
> of federal jurisdiction under Rule 12(b)(1), the court
> should give the plaintiff an opportunity to present facts in
> support of his jurisdictional contention.

<u>Berrios v. Dept. of the Army</u>, 884 F.2d 28, 33 (1st Cir. 1989).

none of these grounds are availing.

1. *Federal question jurisdiction: 28 U.S.C. § 1331*

Federal district courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In assessing whether such a federal question is presented, courts are obligated to follow the well-pleaded complaint rule, examining the four corners of the plaintiff's complaint for a federal claim. <u>Viequa</u>, 140 F.3d at 17; <u>City of Chicago v. Int'l C. of Surgeons</u>, 522 U.S. 156, 162 (1997). A mere glancing reference to federal law will not suffice, rather "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936).

While it is well established that "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action," <u>Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 10 (1983), in rare cases an action presenting solely state law claims on its face still might be considered to "arise under" federal law, thereby falling within the court's § 1331 original jurisdiction, when the state claims are especially related to federal law. This narrow exception applies only in those very limited circumstances where the "vindication of a right under state law necessarily turned on some construction of federal law." <u>Id.</u> at 9 (citing <u>Smith v. Kansas City Title &</u>

-5-

Trust Co., 255 U.S. 180 (1921)).

In Almond v. Capital Properties, Inc., 212 F.3d 20, 23-24
(1st Cir. 2000), the First Circuit observed that the "Smith"
doctrine should be "applied with caution and various
qualifications" and called "almost unanswerable" the question of
whether the Supreme Court would find the federal issue in that
case "sufficiently important to confer 'arising under'
jurisdiction . . . where the claim . . . is for a state remedy."
The present action does not present so difficult a determination.

The plaintiff has brought just one claim -- a state law tort
claim for conversion of his automobile: A federal question is
neither apparent on the face of the pleading nor does the
adjudication of his claim depend upon the construction of federal
law or the resolution of a federal question. The plaintiff's
allegation that his vehicle was towed from Indian reservation
land over which the FRPD lacks jurisdiction does not transform
his state tort claim into a federal claim or otherwise implicate
a matter of federal law. First, the state statute under which
the plaintiff has made his claim, Mass. Gen. Laws ch. 266, §
120D, concerns the type of land from which the vehicle was towed,
i.e., "a private way or . . . improved or enclosed property,"
rather than the owner of the land. Id. And even should the
ownership of the land somehow become relevant, federal question
jurisdiction would still be lacking. According to the
plaintiff's own pleadings, the land grant for the Reservation was
made not by federal law but by a private citizen to the "Province

-6-

of Massachusetts Bay": no federal question is presented by the ownership of the land.  Cf. Wiener v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F. Supp. 2d 346 (D. Mass. 2002).

The plaintiff suggests in his written opposition to the defendant's motion to dismiss that federal question jurisdiction might arise due to preemption.  The gist of the plaintiff's argument is that: (1) defendant Levesque is engaged in interstate commerce; (2) the Interstate Commerce Act ("ICA") preempts all state and local laws, regulations, or other provisions related to tow-trucks, save for those concerning the price of what the plaintiff terms "nonconsensual towing"; and, as a result, (3) the legality of the "nonconsensual" tow of the plaintiff's vehicle by Levesque is a matter of federal law.

Even leaving aside the open question of whether Levesque is engaged in interstate commerce, the plaintiff's preemption argument puts the cart before the horse.  The section of the ICA referenced by the plaintiff preempts state and local regulation of the "price, route, or service of any motor carrier . . . with respect to the transportation of property."  49 U.S.C. § 14501(c)(1).  Through his lawsuit, the plaintiff has not challenged the legality of the local ordinance pursuant to which his vehicle was towed, but rather its application in a particular instance, by which he alleges a tort was worked against him.  Thus, the resolution of the plaintiff's tort claim neither arises under federal law nor presents an important federal issue.  See generally Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317

(1st Cir. 2001).

2. *Diversity of citizenship jurisdiction: 28 U.S.C. § 1332*

     The plaintiff alleges in his responsive pleadings that
because defendant Levesque is owned by a Tennessee-based company,
Miller Industries, the federal courts have original jurisdiction
under 28 U.S.C. § 1332 to this civil action between citizens of
different states.  Even assuming the plaintiff could support
diversity of citizenship by establishing grounds for piercing the
corporate veil -- for example, that "the corporate form would
otherwise be misused to accomplish certain wrongful purposes,
most notably fraud," U.S. v. Bestfoods, 524 U.S. 51, 62 (1998) --
his claim for $1,500.00 in damages fails to satisfy the
$75,000.00 amount in controversy threshold for § 1332
jurisdiction.  28 U.S.C. § 1332(a).  When assessing compliance
with the amount in controversy requirement, the "sum claimed by
the plaintiff controls if . . . apparently made in good faith,"
and dismissal for failure to satisfy the requirement is justified
only when it appears "to a legal certainty that the claim is
really for less than the jurisdictional amount."  St. Paul
Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).
However, once an opposing party challenges the sufficiency of the
damages allegation, the burden shifts to the party claiming
jurisdiction to allege with "sufficient particularity facts
indicating that it is not a legal certainty that the claim
involves less than the jurisdictional amount."  Spielman v.
Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting Dep't of

Recreation and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st
Cir. 1991)).  In light of the plaintiff's initial damages claim
of only $1,500.00, a sum far short of the $75,000.00
jurisdictional threshold, and his silence in the face of the
defendant's subsequent challenge regarding the sufficiency of his
damages allegation, I find to a legal certainty that his claim
could not generate damages greater than or equal to the
jurisdictional minimum.  As a consequence, there is no diversity
of citizenship jurisdiction over this matter.

3. *Suits commenced by Indian tribes or bands: 28 U.S.C. § 1362*

        Despite the federal government's "special relation" with the
American Indian, the federal courts are not authorized to hear a
matter simply because an Indian or Indian tribe is a party to it:
an explicit grant of jurisdiction from Congress is required.
Wright, Miller & Cooper, Federal Practice and Procedure, § 3579
(2004); see also Charrier v. Bell et al., 547 F. Supp. 580 (M.D.
La. 1982) (holding federal court jurisdiction over suit regarding
ownership of Indian artifacts must be found in statute); Martinez
v. S. Ute Tribe, 249 F.2d 915, 917 (10th Cir. 1957) (finding no
federal court jurisdiction over action related to denial of
membership in Indian tribe).  One such grant of jurisdiction was
made pursuant to 28 U.S.C. § 1362; but under that provision
federal courts may only hear "civil actions, brought by any
Indian tribe or band . . . wherein the matter in controversy
arises under the Constitution, laws, or treaties of the United
States."  However, no jurisdiction for the present action can be

found under this statute.  First, the plaintiff, who holds
himself out as a member of an Indian tribe, is an individual and
therefore clearly not an "Indian tribe or band" within the
meaning of the statute.  Second, as discussed <u>supra</u> in II.B.1,
the matter in controversy -- a state law tort claim for
conversion of an automobile -- does not "arise under" federal law
within the meaning of § 1362, which mirrors § 1331 in this
regard.

### III. CONCLUSION

For the reasons set forth more fully above, the defendant's
motion to dismiss for lack of subject matter jurisdiction is
GRANTED.


<u>/s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE