UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT HENRY CORLISS,
Plaintiff,

v.　　　　　　　　　　CIVIL ACTION NO.
　　　　　　　　　　　　04-10834-DPW

CITY OF FALL RIVER and
DOES 1-10

_____

### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the plaintiff, Albert Henry Corliss, who on or about April 27, 2004, commenced the original action (aforementioned and hereafter referred to as "Watuppa One"). The original complaint constituted only the one count of conversion. This amended complaint adds to the original two federal counts; One, a 42 U.S.C. subsection 1983 violation ("interference with peaceful assembly") and two, violation of 15 U.S.C. subsection 1 through 15 U.S.C. subsection 7 (Commonly known as the "Sherman Anti-Trust" law.) All the claims arose out of the same conduct, transaction, or occurrence as described in the "Watuppa One" complaint, specifically, but not limited to, the towing and seizure of plaintiff's vehicle from a deeded Indian Reservation allegedly under plaintiff's tribal control.

I - Facts:

1. On or about October 13, 2004, District Court Judge Douglas P. Woodlock dismissed the original complaint for lack of subject matter. On or about July 5, 2005, plaintiff filed Civil Action No. 05-11406-DPW (hereafter "Watuppa Two") which was

also dismissed on or about November 1, 2005, by Justice Woodlock. His decision was upheld by the Appeals Court on June 5, 2006 and on "Rehearing" on July 19, 2006. Plaintiff incorporates by reference all evidence, exhibits and decisions found In Watuppa One and Two into this Amended Complaint.

II - JURISDICTION:

2. It was Justice Woodlock's opinion in dismissing "Watuppa Two" - MEMORANDUM AND ORDER- (November 1, 2005 page 8) "(that) federal courts must apply the basic state statute of limitations to subsection 1983 claims, the Court held not only is the length of the limitations period to be governed by state law, so too are the closely related questions of tolling and application. Wilson v. Garcia, 471 U.S. 261, 269 (1985)."

3. At this point in "Watuppa Two" all parties followed the "wild goose" of the Massachusetts "saving statute", brought by the plaintiff, which ultimately involved the question "if, to be saved, a case involving the same parties, same events and the same nucleus of operative facts must be of the same cause of action?" We worked too hard. Massachusetts state law provides a much simpler solution:

> [Mass. R. Civ. Pro. 15 (c)] AMENDMENTS and RELATIONS BACK
> An amendment to a pleading which raises a new claim or defense which arises out of the conduct, transaction, or occurrence set forth in the original pleading "relates back" to the original pleading. This means that such an amendment is not barred by the Statute of Limitations as long as the original pleading was filed timely.

---

The Appellate Court on "Rehearing" confuses Mass. R. Civ. Pro 15(c) with the federal rules. However, to be clear, plaintiff is amending under Mass.R. Civ. Pro 15 (c).

## III - COUNT ONE - CONVERSION

4. Plaintiff alleges that the towing, taking and possessing of his vehicle by the Fall River Police elevates the trespass to conversion. (There was never a question as to the timeliness re: filing of Watuppa One.)

## COUNT TWO - TITLE 42 Subsection 1983 - CIVIL RIGHTS VIOLATION

5. The willful interference by the City of Fall River (hereafter, "City") with plaintiff's peaceful enjoyment of their "deeded" Reservation as outlined and evidenced in "Watuppa Two" (and incorporated here) and clearly shows an intent by the 'City" under color of law to deprive the plaintiff of his Constitutional protected rights.

## COUNT THREE - 15 U.S.C. subsection 1-7 - SHERMAN ANTI-TRUST VIOLATION

Section One: "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states or with foreign nations is declared illegal."

Section Two: "Every person who shall monopolize or combine or conspire with other person or persons to monopolize any part of the trade or commerce among the several states .... shall be deemed guilty of a felony."

6. The plaintiff asks that the court pursue an investigation of the "City" vis-a-vis the Act. Plaintiff maintains that an Indian tribe is considered a nation/state under the Act and is therefore protected. Plaintiff alleges and will prove that the "City" has attempted to establish a "trust" with individual Indians (previously members of plaintiff's counsel); without any authority deemed the reservation a "charity"; conspired to monopolize any

-3-

trade on the reservation and to solely profit from such trade.

## IV - DEMAND FOR JURY TRIAL

## V - PRAYER

    7. Wherefore plaintiff prays for the following damages:

        **Special Damages -** In the amount of Sixteen Hundred and Fifty Dollars. ($1650.00);

        **General Damages-** In the amount of Ten Million Dollars ($10,000,000.00);

        **Triple Total Damages -** Under the Sherman Anti-Trust Act;

    And any other further relief the Court deems just.

Dated: July 25, 2006                                     Respectfully submitted,

                                                                               _____
                                                                               Albert H. Corliss
                                                                               ("Pro Se")

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT HENRY CORLISS,
    Plaintiff,

v.

CITY OF FALL RIVER and
DOES 1-10

CIVIL ACTION NO.
04-10834-DPW
AMENDED COMPLAINT

## VERIFICATION

1. The plaintiff, Albert Henry Corliss, resides at 1514 Beacon Street, Suite 43 Brookline, MA 02446;

2. Plaintiff is bringing this Amended Complaint. "Pro Se" and in his capacity as Council Chairman of the Nemasket Troy Wampanoag Indian tribe;

3. Plaintiff is an active member of the California Bar (#97160);

4. Plaintiff verifies that all the accounts, facts, etc., put forth in the aforementioned Amended Complain are true and all allegations are trustworthy.

Dated: July 25, 2006

                                        Albert H. Corliss
                                        "Pro Se"
                                        1514 Beacon Street, Suite 43
                                        Brookline, MA 02446
                                        (617) 731-1309

## CERTIFICATION OF SERVICE

I, Albert H. Corliss, the plaintiff, certify that on this date July 25, 2006, I served a copy of the foregoing AMENDED COMPLAINT - 04-10834-DPW on Corporate Counsel, Thomas F. McGuire, Jr. Esq.), City of Fall River, Law Department, One Government Center, Fall River, MA 02722.

Dated: July 25, 2006

*[signature]*
Albert H. Corliss
"Pro Se"
1514 Beacon Street, Suite 43
Brookline, MA 02446
(617) 731-1309